**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4402**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DARRELL KOONCE, JR.,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Richard E. Myers, II, Chief District Judge.  (4:22-cr-00036-M-RJ-1)

———————

Submitted:  July 8, 2024                    Decided:  July 29, 2024

———————

Before GREGORY and BENJAMIN, Circuit Judges, and MOTZ, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Koonce, Jr., appeals his conviction and 188-month sentence imposed following his guilty plea to possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1). On appeal, Koonce's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Koonce's guilty plea was knowing and voluntary, whether Koonce's sentence was procedurally reasonable where his career offender predicates were based on no contest or *Alford*[*] pleas, whether plea counsel was ineffective, and whether there was any prosecutorial misconduct. Koonce was advised of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a brief. We affirm.

Before accepting a guilty plea, the court must conduct a plea colloquy during which it must inform the defendant of, and determine that the defendant understands, the rights he is relinquishing by pleading guilty, potential immigration consequences, the charge to which he is pleading, and the maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the

---

[*] *North Carolina v. Alford*, 400 U.S. 25 (1970); *see United States v. Mastrapa*, 509 F.3d 652, 659 (4th Cir. 2007) ("An *Alford* plea refers to a plea in which the defendant consents to a prison sentence even though he is unwilling or unable to admit his participation in the acts constituting the crime." (internal quotation marks omitted)).

2

result of threats or force, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

Because Koonce did not seek to withdraw his guilty plea, this court reviews the adequacy of the Rule 11 hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, this [c]ourt will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [Koonce] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (internal quotation marks omitted). Upon review, we find that Koonce's plea was knowing and voluntary and that the district court fully complied with Rule 11.

Generally, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Our review first looks to whether the district court committed any procedural errors, which might include "failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51. When "determining whether a district court properly applied the advisory [Sentencing] Guidelines, including application of any sentencing enhancements, we review the district court's legal conclusions de novo and its factual

3

findings for clear error." *United States v. Morehouse*, 34 F.4th 381, 387 (4th Cir. 2022) (cleaned up).

In reviewing a sentence for substantive reasonableness, we examine "the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We have considered the claims raised in the *Anders* brief and conclude that Koonce's within-Guidelines sentence is procedurally and substantively reasonable. The district court properly calculated the applicable Guidelines range, listened to the parties' arguments and Koonce's allocution, considered the § 3553(a) factors, and explained its reasons for denying the motion for a downward variance. That Koonce's career offender predicates involved *Alford* or no contest pleas in which he did not admit guilt does not call into question his designation as a career offender. *See* U.S. Sentencing Guidelines Manual § 4B1.2(c) (2021); *United States v. King*, 673 F.3d 274 (4th Cir. 2012) (holding that *Alford* plea results in an adjudication of guilt that qualifies as a "prior sentence" for criminal history purposes). We therefore discern no abuse of discretion in the imposition of Koonce's sentence.

Finally, Koonce's claim of ineffective assistance of counsel is nonspecific. Upon review, because ineffective assistance of counsel does not appear conclusively on the record, we decline to consider any such claim. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Absent this showing, the ineffective assistance claim should be

raised in a motion brought pursuant to 28 U.S.C. § 2255, to permit sufficient development of the record. *Id.* at 508; *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Finally, *Anders* counsel cites potential prosecutorial misconduct but there is no support for this claim in the record.

Accordingly, we affirm the district court's judgment. In accordance with *Anders*, we have reviewed the entire record in this case and found no meritorious grounds for appeal. This court requires that counsel inform Koonce, in writing, of the right to petition the Supreme Court of the United States for further review. If Koonce requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Koonce.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*