IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:22-CR-00036-M-RJ
Case No. 4:25-CV-00075-M

DARRELL KOONCE, JR.,

    Petitioner,

v.

    ORDER

UNITED STATES OF AMERICA,

    Respondent.

This matter comes before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 52] and the United States' Motion to Dismiss [DE 56]. The court finds that the record conclusively shows that Petitioner is not entitled to relief; therefore, no hearing is necessary pursuant to 28 U.S.C. § 2255(b). For the following reasons, the United States' motion is granted, and Petitioner's habeas petition is dismissed.

## I.    Background

On February 22, 2023, Petitioner pled guilty to knowingly possessing with the intent to distribute forty (40) grams or more of a mixture and substance containing a detectible amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). *See* DE 20. In anticipation of sentencing, the United States Probation Office prepared a presentence investigation report and calculated Petitioner's advisory guideline range to be 188 to 235 months based on a total offense level of 31 and a criminal history category of VI. *See* DE 25 at 12, 18. In calculating this range, the Probation Office applied a career offender enhancement pursuant to U.S.S.G. § 4B1.1(a). *Id.* at ¶ 76. Petitioner objected to that enhancement because one of his predicate

offenses—the 2015 conviction for common law robbery—was secured by way of an *Alford* plea. *See id.* at 21. At Petitioner's sentencing hearing, the court overruled the objection and adopted the presentence investigation report without change. *See* DE 42 at 5:20–25; *see also* DE 32 at 1. Petitioner was sentenced to a term of imprisonment of 188 months. *See* DE 31. Petitioner timely appealed. *See* DE 34.

On appeal, Petitioner's counsel "filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there [were] no meritorious grounds for appeal but questioning," among other things, "whether [Petitioner's] sentence was procedurally reasonable where his career offender predicates were based on no contest or *Alford* pleas[.]" *United States v. Koonce*, No. 23-4402, 2024 WL 3565817, at *1 (4th Cir. July 29, 2024). The Fourth Circuit rejected this argument, finding that "[t]he district court properly calculated the applicable Guideline range" because the fact that Petitioner's "career offender predicates involved *Alford* or no contest pleas in which he did not admit guilt d[id] not call into question his designation as a career offender." *Id.* at *2 (citing U.S.S.G. § 4B1.2(c) and *United States v. King*, 673 F.3d 274 (4th Cir. 2012) (holding that a sentence imposed following an *Alford* plea qualifies as a "prior sentence" for purposes calculating a defendant's advisory guideline range)).

On April 28, 2025, Petitioner filed his habeas petition. *See* DE 52. His sole claim for relief is that his counsel was constitutionally ineffective for failing to properly object to the career offender enhancement, which Petitioner asserts "increased [the] statutory minimum" sentence. *Id.* at 4–5. The United States responded by filing a motion to dismiss. *See* DE 57. Petitioner filed a response in opposition to the United States' motion. *See* DE 59. In this posture, the pending motions are ripe for review.

2

## II. Legal Standard

"A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court 'to vacate, set aside, or correct his sentence' pursuant to 28 U.S.C. § 2255." *Umar v. United States*, 161 F.Supp.3d 366, 373 (E.D. Va. 2015) (quoting § 2255(a)). Such relief is appropriate if the court finds that

> the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.

28 U.S.C. § 2255(b). The petitioner has the burden "to establish by a preponderance of the evidence" the purported basis for relief. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The Government may respond to a Section 2255 petition by filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *United States v. Reckmeyer*, 900 F.2d 257, 1990 WL 41044, at *4 (4th Cir. Apr. 2, 1990) ("a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition"). In such proceedings, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to the government's motion to dismiss." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009). However, the scope of a court's review for a motion to dismiss a habeas petition is broader than the typical civil context because the court may also consider the record from the petitioner's underlying conviction and any exhibits attached to the petition. *See id.* at 139; *McCollough v. Bragg*, No. 5:20-CV-138, 2021 WL 236079, at *3 (D.S.C. Jan. 25, 2021); 28 U.S.C. § 2255(b) (instructing court to review "the files and records of the case").

Considering all such materials in tandem, to survive a motion to dismiss, a § 2255 petition must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

3

U.S. 544, 570 (2007)). A claim for relief is plausible when it contains factual content that "allows the court to draw the reasonable inference" that the petitioner is entitled to the relief requested. *Id.* at 664. In other words, the well-pleaded allegations must "be enough to raise a right to relief above a speculative level.," i.e., allege "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 at 556. As such, a speculative claim resting upon conclusory allegations without sufficient factual enhancement cannot survive a Rule 12(b)(6) challenge. *Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.") (quoting Fed. R. Civ. P. 8(a)(2)); *Francis v. Giacomelli*, 588 F.3d 186, 194 (4th Cir. 2009) (recognizing that "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief") (cleaned up).

## III. Discussion

Petitioner advances a single ineffective assistance of counsel claim, which asserts that his trial counsel was ineffective for failing to properly object to Petitioner's classification as a career offender. DE 52 at 4. As noted previously, Petitioner's counsel did file an objection to the enhancement, but he did so largely on the basis that one of the predicate offenses was secured through an *Alford* plea. *See* DE 42 at 5:5–19. Petitioner argues that his counsel should have instead argued that the enhancement was improper under *Alleyne v. United States*, 570 U.S. 99 (2013) because the existence of his predicate offenses "increase[d] the mandatory minimum" sentence and should have therefore been "submitted to the jury and found beyond a reasonable doubt." DE 52 at 6; *see also* DE 59 at 8. Because his counsel did not make that argument, Petitioner asserts that his Sixth Amendment rights were violated. DE 52 at 4.

4

The Sixth Amendment to the United States Constitution guarantees the right to the "effective assistance of counsel in criminal cases." *United States v. Cannady*, 63 F.4th 259, 265 (4th Cir. 2023) (citing U.S. Const. amend. VI). To succeed on a claim of ineffective assistance, a defendant must show that (1) "counsel's performance fell below an objective standard of reasonableness;" and (2) "the deficient representation prejudiced the defendant." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Judicial review of counsel's performance is "highly deferential," and courts "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689). Prejudice is demonstrated by showing a "reasonable probability" that but for counsel's deficient performance, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

For two reasons, the court finds that Petitioner has failed to demonstrate that his trial counsel was ineffective.

First, the Fourth Circuit has already examined this record, including the challenged career offender enhancement, and held that "[t]he district court properly calculated the applicable Guideline range." *See Koonce*, 2024 WL 3565817, at *2. Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Lentz*, 524 F.3d 501, 528 (4th Cir. 2008) (internal quotations omitted). Accordingly, Petitioner is estopped from years later attempting to re-litigate his objection to the same advisory guideline range. That range was affirmed, so Petitioner's trial counsel was not ineffective for failing to object to it.

Second, Petitioner's central legal theory is mistaken. He argues that under *Alleyne*, the existence of his predicate offenses should have been alleged in an indictment and submitted to a

jury. DE 52 at 6. That is wrong. In considering the imposition of a seven-year mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A)(ii), the Supreme Court held that "facts that increase mandatory minimum sentences" are elements of an offense and "must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 103, 116. The district court did not violate that principle at sentencing. It is "well-settled that there is no requirement to allege sentencing enhancements in the indictment so long as they do not increase the applicable statutory minimum or maximum sentence." *Thompson v. United States*, No. 1:08-CR-496-1, 2015 WL 4276417, at *3 (M.D.N.C. July 14, 2015). A career offender enhancement under U.S.S.G. 4B1.1(a) does not increase a defendant's statutory minimum or maximum sentence; it merely affects the calculation of a defendant's *advisory* guideline range. *See* § 4B1.1(b). Accordingly, *Alleyne* is inapplicable, and Petitioner's counsel was not ineffective for failing to argue to the contrary. *See United States v. Anderson*, 532 Fed. Appx. 373, 379 n.1 (4th Cir. 2013) ("*Alleyne* involves the application of mandatory minimum sentences and is not relevant to the advisory Guidelines enhancement dispute here."); *see also Harris v. United States*, 2013 WL 4882227, at *3 (S.D. W. Va. Sep. 12, 2023) (finding that *Alleyne* does not require "the facts giving rise to the career offender enhancement to have been alleged in the indictment and proven beyond a reasonable doubt").

## IV.    Conclusion

For these reasons, the United States' Motion to Dismiss [DE 56] is GRANTED, Petitioner's habeas petition [DE 52] is DISMISSED, and Petitioner's Motion for Entry of Ruling [DE 67] is DENIED AS MOOT. The court finds that reasonable jurists would not find the court's treatment of any of Petitioner's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The

court therefore denies a certificate of appealability. *See* § 2253(c). The Clerk is directed to close this case.

SO ORDERED this ___27th___ day of July, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

7